**Joe E. TIMMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20037.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 15, 1966.

Decided Sept. 30, 1966.

Mr. Roger A. Clark, Washington, D. C. (appointed by this court), for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Dean W. Determan, Asst. U. S. Atty., at the time the brief was filed, also entered an appearance for appellee.

Before DANAHER, BURGER and McGOW-AN, Circuit Judges.

PER CURIAM:

This appeal from a conviction of housebreaking and larceny presents two claims of error in the conduct of the trial. One has to do with the sustaining of an objection to a defense question assertedly designed to elicit from a prosecution witness the fact of a prior criminal conviction. It appears that, at the time the question was asked, defense counsel did not know whether there was such a conviction in fact, and the question thus lacked any foundation. The matter was not pressed; and, in any event, the strength of the Government's case, apart from the witness in question, was such as to render the attempted impeachment of a significance not to be equated with reversibility.

This last consideration applies with similar force to the other point. It is said that hearsay testimony was permitted to come in over objection, which testimony was not only incompetent in itself but which contradicted earlier testimony given directly by the declarant. The testimony, if hearsay at all, was of the most technical kind; and the declarant was a witness who had already testi-

fied and who was available for further examination. Moreover, the alleged contradiction is not so clear to us as it is asserted to be by appellant. The witness, who was presented as having taken appellant in a car to a certain store to sell the stolen property, had said at the trial that he had indicated generally to the police where the store was, but could not now remember its name or exact street address. A police officer later testified that the witness had pointed out to him a particular store. We are not persuaded that the admission of this testimony rendered appellant's trial unfair.

Affirmed.